# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John D. Longanacre, d/b/a**
**Longanacre Funeral Home,**
**Plaintiffs Below, Petitioners**

**FILED**

November 8, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0993** (Greenbrier County 12-C-98)

**Farmers Mutual Insurance Company,**
**a West Virginia Corporation,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner John D. Longanacre, by counsel Barry L. Bruce and Jesseca R. Church, appeals the July 26, 2012, order of the Circuit Court of Greenbrier County that granted respondent's motion to dismiss. Respondent, Farmers Mutual Insurance Company ("Farmers Mutual"), by counsel James A. Varner, Sr., Debra Tedeschi Varner, and Richard W. Shryock, Jr., filed its response to which petitioner replied.

This Court has considered the parties' briefs, their oral arguments, and the appendix record. As set forth below, because petitioner's appendix record fails to contain documentation relevant to the questions raised on appeal, we find just cause to affirm the circuit court's order under Rule 21 of the Rules of Appellate Procedure.

We have also considered petitioner's "Motion to Amend Appendix to Include Copy of Farmers Mutual Insurance Company Policy." Because the motion fails to establish that the document was ever a part of the trial court record as required by the Rules of Appellate Procedure, we deny petitioner's motion to amend the appendix record.

Petitioner operated a funeral home and purchased a commercial liability insurance policy from respondent Farmers Mutual. During the policy period, a lawsuit was filed against petitioner that involved the disinterment, moving, and re-interment of a corpse by petitioner.

Petitioner moved the corpse pursuant to a court order. The court order to move the corpse had been obtained by the decedent's sister (who was allegedly the decedent's sole legal heir). The underlying lawsuit, filed by other relatives of the decedent, alleged that: (1) petitioner had failed to inform the other relatives that the corpse was being moved; (2) petitioner wrongfully exerted dominion of family property when he moved the corpse and headstone without the permission of the other relatives; and (3) that petitioner negligently disturbed the grave of another family member when the corpse was disinterred, causing distress and mental anguish to the other relatives. The trial court in the underlying lawsuit subsequently granted summary judgment to petitioner and dismissed the lawsuit.

1

The underlying lawsuit involving the corpse was filed on June 22, 2010. Petitioner did not promptly notify his liability insurance carrier, respondent Farmers Mutual, of the lawsuit. Instead, petitioner hired a private attorney to defend his interests. Thirteen months after the underlying lawsuit was filed, on July 20, 2011, petitioner notified Farmers Mutual of the lawsuit and asked the insurer to provide him with coverage and a defense. Farmers Mutual refused.

On May 4, 2012, petitioner filed the instant case against Farmers Mutual. Petitioner alleged that Farmers Mutual wrongfully refused to provide coverage or a defense and therefore acted in "bad faith." Petitioner sought compensatory and punitive damages. In an order dated July 26, 2012, the circuit court granted Farmers Mutual's motion to dismiss petitioner's bad faith suit, finding that petitioner had no right to coverage or a defense under the policy.

Petitioner appeals the circuit court's order, and while he raises three separate points of error, petitioner's arguments may be distilled down into one central assertion: the circuit court misinterpreted the Farmers Mutual insurance policy.

We noted at oral argument, and both parties conceded, that the appendix record failed to contain the disputed insurance policy. Neither party sufficiently explained how this Court is to interpret the terms of an insurance policy without access to the policy, or how this Court can fairly assess those terms outside their context.

Rule 6(b) of the Rules of Appellate Procedure [2010] required petitioner to create an appendix record of the papers and exhibits filed in the lower court that was "selectively abridged by the parties in order to permit the Court to easily refer to relevant parts of the record," parts that "are important to a full understanding of the issues[.]" Rule 7(a) mandated that the appendix record "contain accurate reproductions of the papers and exhibits submitted to the lower court[.]" The appendix record did not contain the insurance policy which was important to a full understanding of the parties' arguments.

Nevertheless, approximately two weeks after oral argument before this Court, petitioner filed a "Motion to Amend Appendix to Include Copy of Farmers Mutual Insurance Company Policy." Petitioner's motion was filed pursuant to Rule 7(g) of the Rules of Appellate Procedure, which permits a party to seek "leave to file a supplemental appendix that includes such matters from the record not previously submitted." Attached to the motion was ostensibly a copy of the relevant insurance policy. (Also attached to the motion was a wholly irrelevant three-page draft of a complaint that petitioner's counsel apparently intended to file in another lawsuit, in another county.)

However, Rule 7(g) requires that a supplemental appendix comply with the general requirements of a primary appendix record. Obviously, a supplemental appendix must abide by Rule 7(a) and contain only "accurate reproductions of the papers and exhibits submitted to the lower court[.]" Rule 6(b) mirrors this rule, specifying that "[a]nything not filed with the lower tribunal shall not be included in the record on appeal[.]" Moreover, Rule 7(c)(2)(a) requires a certification by the lawyer submitting the supplemental appendix that the document was part of the lower court record. It states, in part:

2

> [A]n appendix must contain a certification page signed by counsel . . . certifying that: (a) the contents of the appendix are true and accurate copies of the items contained in the record of the lower tribunal; . . .

Petitioner's motion to supplement the appendix record does not contain the certification that the insurance policy was part of the lower court record, as required by Rule 7(c)(2)(a). Furthermore, the complete docket sheet from the clerk of the circuit court (required to be part of the appendix record by Rule 7(d)(7)) has nothing to suggest that the insurance policy was ever presented to the circuit court as a part of the lower court record.

We are mindful that reaching a decision on the merits of a case is always a preferred alternative. This appeal, however, presents us with violations of the *Rules of Appellate Procedure* that have impeded the Court's ability to comprehend the issues. We believe it would be patently unfair to the parties to review the circuit court's order by either reading the disputed insurance policy terms out of context, or relying upon evidence that may never have been presented to the circuit court.

Accordingly, in the absence of a record on appeal that contains those portions of the trial record important to a full understanding of the issues, we affirm the circuit court's order dismissing petitioner's case against respondent.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3